STATE OF WEST VIRGINIA *ex rel.*

RUSSELL C. DUNBAR

*v.*

RILEY V. STONE, *Clerk of the*

*Circuit Court of Cabell County, West Virginia*

(No. 13677)

Decided February 3, 1976.

*Catsonis & Linkous, Leo Catsonis* and *Thomas L. Linkous* for relator.

*L. D. Egnor, Jr.,* Prosecuting Attorney, *Hiram G. Williamson,* Assistant Prosecuting Attorney, for respondent.

FLOWERS, JUSTICE:

The issue to be determined in this mandamus proceeding is whether the voters of Cabell County, the geographic area which comprises the Sixth Judicial Circuit, shall elect three judges for three regular terms of eight years or two judges for regular terms and one judge for an unexpired term.

Russell C. Dunbar, the relator, instituted this proceeding to compel Riley V. Stone, Clerk of the Circuit Court of Cabell County, to accept his certificate of announcement as a candidate for the nomination of the Democratic Party at the May 11, 1976, primary election for the unexpired term of Judge Russell R. Daugherty, Judge of the Sixth Judicial Circuit. The relator contends that the death of Judge Daugherty created a vacancy for his unexpired term which must be filled at the gen-

eral election in November, 1976. The respondent clerk maintains, however, that under the Judicial Reorganization Amendment, Judge Daugherty's death terminated his term on December 31, 1976, and a full term and not an unexpired term is to be filled at the November election.

Prior to the ratification of the Judicial Reorganization Amendment, Judge Daugherty was elected to a term of six years as Judge of the Domestic Relations Court of Cabell County, a statutory court of limited jurisdiction. His term of office was to expire on December 31, 1978.

The Judicial Reorganization Amendment was ratified on November 5, 1974. Article VIII, Section 5 as set forth in the Amendment made all statutory courts of limited jurisdiction a part of the circuit court in the circuit in which it existed, and all statutory judges were elevated to circuit judges of their respective circuits.

To synchronize the expiration dates of terms of office for circuit judges so that all judgeships would be filled every eight years at the same general election, Article VIII, Section 7 of the *Constitution* extended certain terms of office for judges of statutory courts.

Article VIII, Section 7 provides:

"* * * [T]hat as to the term of any judge of a statutory court of record of limited jurisdiction which does not expire on the thirty-first day of December, one thousand nine hundred seventy-six, the following provisions shall goven and control unless any such judges shall be sooner removed or retired as authorized in this article: * * * (3) if the term would otherwise expire after the thirty-first day of December, one thousand nine hundred seventy-six, but other than on the first day of January, one thousand nine hundred seventy-seven, such term shall continue through and expire on the thirty-first day of December, one thousand nine hundred eighty-four."

Consequently, Judge Daugherty's term, which did not expire until 1978, was extended under Section 7 until December 31, 1984.

Judge Daugherty died on February 11, 1975. At the date of his death, nine years and ten months of the term remained. The vacancy created by his death was filled by appointment of the Governor pursuant to his authority under *W. Va. Code*, 3-10-3, as amended. The Governor appointed E. Garland Ray to serve as Judge of the Sixth Judicial Circuit until the next general election and until the election and qualification of a successor.

*W. Va. Code*, 3-10-3, as amended, provides that the vacancy in the office of judge shall be filled by appointment for the unexpired term, if the unexpired term be less than two years. If the unexpired portion of the term shall be more than two years, however, the vacancy shall be filled by appointment and the appointed judge shall serve until the next general election and until the election and qualification of a successor. To the extent that this statute is applicable to the facts of this case, it is consistent with the provisions of Section 7 of Article VIII of the Amendment, prescribing the manner in which vacancies in judicial offices shall be filled.

Counsel for the respondent contends, however, that Section 7 of Article VIII only extended the incumbent judge in office but did not extend the term of his office. He argues that upon Judge Daugherty's death, the Amendment terminated that particular term of office as of December 31, 1976. The provisions of Section 7 of Article VIII do not warrant such a construction.

We recognized in *State ex rel. Casey v. Pauley,* ____ W. Va. ____, 210 S.E.2d 649 (1974) that terms of office can be extended by a vote of the people ratifying the Amendment. By clear and plain language the terms of office which expired after December 31, 1976, but not on January 1, 1977, were extended to December 31, 1984. When a provision of a constitution is clear in its terms

and of plain interpretation to an ordinary and reasonable mind, it should be applied and not construed. *State ex rel. Casey v. Pauley, supra; State ex rel. Smith v. Gore,* 150 W. Va. 71,143 S.E.2d 791 (1965).

We hold, therefore, that the death of Judge Daugherty created a vacancy in the office of judge of the Sixth Judicial Circuit and that the unexpired term, which exceeded nine years, is required to be filled at the 1976 general election.

Under the provisions of *W. Va. Code,* 3-10-3, as amended, and Section 7 of Article VIII of the Judicial Reorganization Amendment, the person elected to fill that vacancy shall take office as soon as he is qualified. For that reason, the ballots must be prepared in such a manner as to permit the voters to distinguish between judges elected at the 1976 general election to terms commencing January 1, 1977, and the judge who is to be elected to the unexpired term and who will take office upon qualification. *State ex rel. Sullivan v. Moore,* 49 Ariz. 51, 64 P.2d 809 (1937).

For reasons stated in this opinion, the writ of mandamus as prayed for is awarded.

*Writit awarded.*